IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANIRUDH L. SUKHU, :
:
    Petitioner :
: CIVIL NO. 1:CV-15-2386
    v. :
: (Judge Caldwell)
UNITED STATES OF AMERICA, *et al.*, :
:
    Respondents :
:

*M E M O R A N D U M*

I. *Introduction*

Anirudh L. Sukhu, an inmate at the Allenwood Low Federal Correctional Institution (LFCI Allenwood), in Allenwood, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Petition, Sukhu challenges his 2009 conviction and sentence in the United States District Court for the District of Maryland for armed bank robbery under 18 U.S.C.§ 2113(a), (d) and (f), and the use of a firearm in connection with a crime of violence under 18 U.S.C. § 924(c). Sukhu argues, in part, that in light of *Johnson v. United States*, _____ U.S. _____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015),[1] his armed bank robbery conviction in violation is no longer a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). Sukho also seeks to be resentenced in light of *United States v. Mathis*, _____ U.S. _____, 136 S.Ct. 2243, 195

---

[1] In *Johnson*, which was made retroactive to cases on collateral review by *Welch v. United States*, _____ U.S. _____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was void for vagueness.

1

L.Ed.2d 604 (2016) based on his belief that he was subjected to "double counting" when he was sentenced under 18 U.S.C. § 924(c) for both bank robbery (where he discharged a firearm) and for possessing and discharging a firearm under 18 U.S.C. § 924(c), which carries a mandatory consecutive ten-year sentence. Respondent argues that neither *Johnson* nor *Mathis* represents an intervening change in law which invalidates Sukhu's conviction.

For the reasons that follow, the Petition must be construed as a motion under § 2255 and denied.

II.     *Background and Procedural History[2]*

In December 2008, a grand jury for the United States District Court for the District of Maryland returned a three-count indictment charging Sukhu with conspiring to commit bank robbery in violation of 18 U. S. C. §§ 2113(a) and (f) and 18 U.S.C. § 371 (Count I); robbing a bank by force or violence in violation of 18 U.S.C. §§ 2113(a)(, (d), and (f) (Count II); and using a firearm (discharge) in the commission of robbing a bank in violation of 18 U.S.C. § 924(c) (Count III). On July 23, 2009, Sukhu entered into a plea agreement agreeing to plead guilty to Counts II and III. Count I was dismissed. On December 11, 2009, Sukhu was sentenced to consecutive terms of 135 months' imprisonment on Count II and 120 months on Count III. On October 29, 2010, the Fourth Circuit dismissed his appeal.

---

[2]     The Court takes judicial notice of the docket in Sukhu's criminal case, *United States v. Sukho*, 1:08-cr-0557 (D. Md.).

On January 18, 2011, Sukhu filed a § 2255 motion to vacate, set aside or correct his sentence. The sentencing court denied the motion on November 18, 2011. *Sukhu v. United States*, Civ. No. WDQ-11-0061, 2011 WL 5839001 (D. Md.). The Fourth Circuit affirmed the district court's order denying Petitioner relief on his 28 U.S.C. § 2255 motion on May 3, 2012. *United States v. Sukhu*, No. 11-7708, 472 F. App'x 170 (4th Cir. 2012)(nonprecedential).

On June 23, 2016, the Fourth Circuit denied Sukhu's motion pursuant to 28 U.S.C. § 2244(b) and § 2255(h) for authorization to file a second or successive 28 U.S.C. § 2255 motion relying upon *Johnson*, *supra* and *Welch, supra*.

III.   *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence"). When challenging the validity rather than the execution of a federal sentence, a federal prisoner must do so through a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). Section 2255 provides that federal prisoners like Petitioner, who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

3

would have found the movant guilty of the offense" or that the motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

With limited exceptions, § 2255 does not permit prisoners to challenge the validity of their conviction or sentence through a § 2241 habeas petition. *See* 28 U.S.C. § 2255(e). Where a federal prisoner improperly challenges their federal conviction or sentence under § 2241, the district court must typically dismiss the petition for lack of jurisdiction. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

Under highly exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg,* 845 F.3d 99, 101 (3d Cir. 2017); *Dorsainvil*, 119 F.3d at 249 - 51. For a § 2241 petition to be appropriate, the inadequacy or ineffectiveness of a § 2255 motion must be "a limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle*, 290 F.3d at 538). "It is the inefficacy of the remedy, not the personal inability to use it, which is determinative." *Cradle* 290 F.3d at 538-39. A § 2255 motion is not "inadequate or ineffective" merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; he did file such a motion and was denied relief; or he cannot otherwise meet the stringent gatekeeping requirements of § 2255(h) to file a

4

second or successive § 2255 motion. *Troiano v. Warden Allenwood USP*, 614 F. App'x 49, 51 (3d Cir. 2015)(nonprecedential).

The Third Circuit has only applied this "safety valve" in the rare situation where an intervening change in law has decriminalized the actions underlying the prisoner's conviction. *Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251). A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *Dorsainvil*, 119 F.3d at 252). The savings clause of § 2255, however, is confined to instances of actual innocence of the underlying offense of conviction, not innocence of a sentencing factor. "Section 2241 is not available for intervening changes in the sentencing law" as such alterations would not render the crime for which the prisoner was convicted non-criminal. *United States v. Kenney*, 391 F. App'x 169, 172 (3d Cir. 2010)(nonprecedential)(citing *Okereke,* 307 F.3d at 120-121).

Here Sukhu does not allege facts to bring his conviction within the *Dorsainvil* exception. He cannot demonstrate that his circumstances constitute the sort of miscarriage of justice what would justify application of the safety valve language of § 2255 rather than its gatekeeping requirements. Section 2255 is not "inadequate or ineffective" in this matter.

First, as Respondent correctly notes, Sukhu has not demonstrated he is entitled to pursue habeas relief via a § 2241 petition as he has not demonstrated § 2255 is inadequate or ineffective to address this claim. The fact that the Fourth Circuit Court of

5

Appeals denied his request to file a second or successive § 2255 motion asserting his *Johnson* claims does not make § 2255 relief inadequate or ineffective. *See Cradle*, 290 F.3d at 539. Second, to the extent Sukhu contends that following *Johnson* he is entitled to habeas relief as his bank robbery conviction no longer constitutes a "crime of violence," he is mistaken. The Fourth Circuit specifically held that:

> Sukhu pled guilty to using a firearm during a "crime of violence," which in Sukhu's case was federal bank robbery in violation of 18 U.S.C. § 2113(a), (d). Federal bank robbery is a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016).

*In re Sukhu*, No. 16-9160 (4th Cir. Jun. 23, 2016) (ECF No. 13-1, pp. 68 – 69). Accordingly, we lack jurisdiction to address Sukhu's *Johnson* claims.

Next, Sukhu seeks to vacate and correct his sentence in light of *Mathis*. (ECF No. 9, pp. 2 – 31). He cannot do so by means of a § 2241 petition. First, he offers no evidence that the United States Supreme Court or the Third Circuit, has held that *Mathis* announced a new rule of law retroactively applicable to cases on collateral review. *See Jackson v. Kirby*, No. 17-4651, 2017 WL 3908868 (D. N. J. Sept. 6, 2017). Next, Sukhu's instant claim is not based upon a contention that *Mathis* decriminalized the conduct which led to his conviction. Instead he challenges the basis for his sentence pursuant to *Mathis*. The Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi*); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the

sentencing laws" citing *Okereke, supra*); *Jackson v. Kirby*, No. 17-4651, 2017 WL 3908868 (D. N. J. Sept. 6, 2017) (*Mathis* based sentencing enhancement claim not properly asserted under § 2241); *Parker v. Warden FCI-Schuylkill*, No. 17-0765, 2017 WL 24445334 (M.D. Pa. Jun. 6, 2017) (same). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, Sukho fails to demonstrate that his claim falls within the *Dorsainvil* exception. Accordingly we lack jurisdiction over this claim.

An appropriate order follows.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: September 19, 2017